SMITH, Justice:
All of the parties to the litigation out of which the present appeal arose are doctors of medicine. Dr. Henry D. Stone, who owned the South Panola Hospital at Bates-ville, entered into an association with Dr. Mike C. Campbell and Dr. Jack Q. Cash for the practice of medicine at the hospital. Under the terms of their arrangement, all expenses of the joint operation were paid first from the joint receipts, plus $1,000 per month to Dr. Stone as rent for the facility (or as he described it “return on his investment”) and the net receipts remaining were then divided equally among the three doctors. This arrangement was in effect from June 1, 1969 to June 30, 1970, on which latter date Dr. Campbell withdrew. Afterward, from June 30, 1970, Dr. Stone and Dr. Cash were associated in the practice of their profession under a similar arrangement until July 20, 1970, when Dr. Cash withdrew.
Dr. Campbell and Dr. Cash were complainants in the Chancery Court of the Second Judicial District of Panola County in a suit brought by them against Dr. Stone. Their bill charged that their respective associations with Dr. Stone had been partnerships, and they demanded an *128 accounting for all supplies on hand and accounts receivable owned by such partnerships on the respective dates of the dissolu-tions referred to above and a judgment for their shares thereof, respectively.
Dr. Stone defended upon the ground that his associations with the complainants had not constituted partnerships. He averred that they had been his employees and that payment to them of equal shares of the net receipts after payment of expenses, plus $1,000 per month to him as rent for the facility, had been salary and that they were not entitled to any share or part of the supplies or accounts receivable.
There was an extended trial of the issue relating to the nature of the relationships between the doctors, that is, whether their associations together had constituted partnerships between the doctors or. not. All of the doctors testified, as did several other witnesses, and the chancellor found as a matter of fact that the three doctors had been partners as alleged in the bill and that each of them was entitled as such to a share in the accounts receivable and the supplies on hand at the times of dissolution according to their interests at such times respectively. He ordered an accounting to be made and filed by Dr. Stone, equitably providing that the expenses of collecting the accounts receivable and of making the accounting should be borne in equal part by each of the doctors.
Dr. Stone prayed for and was granted an interlocutory appeal for the purpose of preventing unnecessary delay and expense and in order to settle all of the controlling principles of the case.
The undisputed facts, considered with that version of the disputed facts which support the chancellor’s findings, provided ample evidence to justify the chancellor’s determination that the relationships between the doctors had constituted partnerships so that each was entitled as a partner to share in the supplies on hand and the accounts receivable. Foster v. Wright, 240 Miss. 566, 127 So.2d 873 (1961). As the trier of facts, it was for the chancellor to resolve conflicts and to draw such inferences as the facts proven were reasonably capable of supporting. It cannot be said that he was manifestly wrong.
The decree appealed from will, therefore, be affirmed. The case is remanded for the purpose of further proceedings in accordance with the interlocutory decree appealed from and not inconsistent with this opinion.
Affirmed and remanded.
GILLESPIE, C. J., and BRADY, PATTERSON and SUGG, JJ., concur.